UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAW'S SUPERMARKETS, INC.,           )
                                      )  Civil Action No.
         Plaintiff,                   )
                                      )
v.                                    )
                                      )
UNITED FOOD AND COMMERCIAL            )
WORKERS UNION, LOCAL 791,             )
AFL-CIO,                              )
                                      )
         Defendant.                   )

04cv11219 DPW

## COMPLAINT OF SHAW'S SUPERMARKETS, INC.

### Introduction

Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), Plaintiff Shaw's Supermarkets, Inc. ("Shaw's") seeks a stay of American Arbitration Association Matter No. 11 300 02475 03 to the extent Defendant United Food and Commercial Workers Union, Local 791, AFL-CIO ("Local 791") seeks to use the arbitral forum to obtain recognition as the collective bargaining representative of employees working at Shaw's Mansfield, Massachusetts facility. The primary basis for Shaw's requested stay is that the issue of Local 791's status is purely a representation issue under the National Labor Relations Act and the commencement of the arbitration on that issue could result in a bar to the issue of Local 791's representation status that is currently pending before the National Labor Relations Board.

### The Parties

1. Plaintiff Shaw's is a Massachusetts corporation with a principal place of business at 750 West Center, West Bridgewater, Massachusetts. Shaw's operates retail grocery stores throughout the Northeast, including within the Commonwealth of Massachusetts.

2.  Shaw's is an "employer" within the meaning of Section 2(2) and 2(7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(2).

3.  Defendant Local 791 has a principal place of business at 55 Norfolk Avenue, South Easton, Massachusetts. Local 791 is the collective bargaining representative of a number of Shaw's employees in Massachusetts, Rhode Island, and Maine.

4.  Local 791 is a "labor organization" within the meaning of Section 2(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(5).

5.  This is an action arising out of a contract between an employer and a labor organization representing employees in an industry affecting commerce, as defined in the Labor Management Relations Act, 29 U.S.C. §§ 141, et seq.

6.  Jurisdiction is conferred by Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) and 29 U.S.C. § 185(a).

**Factual Background**

8.  Shaw's and Local 791 are parties to a collective bargaining agreement in effect since July 28, 2001 that will expire on July 31, 2004 (the "CBA").

9.  The CBA treats full time and part time employees differently as to wages, hours and benefits.

10. As part of the CBA, the parties sought to provide how Local 791 would have access to the employees hired at new Shaw's stores for the purposes of soliciting new employees for union membership. The CBA contains the following language on this issue:

8.  New Stores:

When the Employer opens new stores within the geographic area described in Article 1, the Employer will allow access within the store prior to opening during the hiring process, will remain neutral, and will recognize the Union and apply the contract when a majority of Employees have authorized the Union to represent them.

11. In the summer of 2003, Shaw's prepared to open a new Shaw's store in Mansfield, Massachusetts.

12. During the hiring process for the Mansfield store, Local 791 sought to organize the store's employees. Pursuant to its obligations under the CBA's "New Stores" provision, Shaw's allowed Local 791 access and remained neutral during the hiring process.

13. Before Shaw's completed the hiring process at the Mansfield store, Local 791 declared that it had attained majority status and requested Shaw's recognize it as the collective bargaining representative for the employees at the Mansfield store and apply the existing CBA to those employees.

14. After Shaw's reviewed Local 791's documentation, Shaw's refused to recognize Local 791 for several reasons. First, Shaw's had been informed that Local 791 violated employees' Section 7 rights while soliciting the employees. Second, the number of submitted authorization cards did not constitute a majority of the expected employees at the store. Third, Local 791 obtained authorizations from, and sought to represent, employees who worked as supervisors, as defined by the National Labor Relations Act or who were not employees of the store. In the end, Shaw's concluded that it had a good faith belief that Local 791 failed to establish that it represented an uncoerced majority of the Mansfield store's employees. Accordingly, Shaw's refused to voluntarily recognize Local 791.

15. On August 22, 2003, Shaw's opened the Mansfield store as a non-union store.

16. Instead of filing an unfair labor practice charge to challenge Shaw's good faith refusal to recognize under the National Labor Relations Act, Local 791 submitted two grievances regarding the Mansfield store. The grievances contained two primary allegations: (A) Shaw's violated the CBA by refusing to recognize Local 791 as the collective bargaining representative for employees at the Mansfield store and (B) Shaw's violated the CBA by failing to allow Local 791 access and by failing to remain neutral.

17. On October 23, 2003, Local 791 submitted a notice of its intent to submit the grievances to arbitration under the CBA's grievance procedures. Over Shaw's objections, an arbitrator, Professor Frank Sander, was named and the arbitration is scheduled to commence on June 11, 2004. Local 791 requests that the arbitrator find that it represents a majority of the employees and order Shaw's to recognize Local 791 and apply the existing CBA to those employees.

18. The parties' CBA contains the following procedures for the arbitration of disputes between the parties:

**ARBITRATION PROCEDURES**

Section 1. Arbitration is the fourth and final step of the grievance procedures. If a grievance is not settled at Step 3, the Union may submit the grievance to arbitration by written notice to the American Arbitration Association and the Company's Labor Relations Department within thirty (30) calendar days of received of the Step 3 answer.

Section 2. A request for a panel of arbitrators will be sent to the American Arbitration Association. The parties will select an arbitrator from the American Arbitration Association panel by alternatively striking a name from the list until only one (1) name remains. The parties will then notify the American Arbitration Association of the selected arbitrator. If the final remaining arbitrator is unacceptable to either party, one (1) additional panel may be jointly requested, from which an arbitrator must be selected.

Section 3. <u>The authority of the arbitrator is expressly limited to deciding if a violation of the Agreement has occurred.</u> The arbitrator shall have no authority to add to, detract from, or in any way change or alter any of the terms and conditions of this Agreement. The arbitrator shall give due consideration to the rights of management and shall make no ruling that unduly abridges or restricts management rights or improperly substitutes the arbitrator's judgment for management's.

Section 4. The arbitrator's decision will be final and binding on all parties provided the decision is made within the authority delegated to the arbitrator by the parties. The Union and the Company shall each bear one-half (1/2) of the fee and expenses of the arbitrator. All other expenses will be borne by the party incurring them. The Company will not be responsible for the wages of any Employees for time lost from work due to preparing for or participating in arbitration proceedings.

Section 5. The parties agree that neither will use the services of legal counsel during arbitration proceedings without first having given advance notice to the other of such intent. The parties further agree not to withhold relevant information from the other during the preliminary grievance steps in a good faith effort to resolve disagreements without arbitration.

(Emphasis added.)

19. Since Local 791 continued to claim it represented a majority of the employees at the Mansfield store and continued to demand recognition after the hiring process was complete, on April 21, 2004, Shaw's filed a Petition with the Regional Director of Region 1 of the National Labor Relations Board ("NLRB") requesting that the NLRB hold an secret ballot election pursuant to Section 9 of the National Labor Relations Act, 29 U.S.C. § 159 (the "Petition").

20. Under Section 9, an employer has the right to request a Board-run election when a union requests recognition.

21. Under the NLRB's election procedures, the Regional Director is supposed to hold a hearing in which the parties present evidence and argument on disputed issues. Although no hearing was held, Shaw's informed the Regional Director that there were issues concerning the

appropriate unit (i.e., which employees should be entitled to vote); the sufficiency and adequacy of the union's showing of interest; and, the union's misconduct during the hiring process.

22. On April 30, 2004, the Regional Director of Region 1 administratively dismissed the Petition, without holding a hearing, on the grounds that the parties' New Stores provision constituted a waiver of Shaw's Section 9(a) rights.

23. On May 13, 2004, Shaw's filed a timely Request for Review of the Regional Directors' decision with the National Labor Relations Board. As allowed under the NLRB's rules, Local 791 filed its Opposition to the Request for Review. The matter is currently fully brief and it is pending with the Board.

24. If the Board determines the New Stores provision is _not_ a waiver of Shaw's Section 9(a) rights, the matter will proceed to a Board-run election and the arbitration of the representation issues would be moot.

25. Shaw's requested that the arbitrator, Professor Frank Sander, stay the arbitration proceedings (at least the representation issues) pending a decision by the NLRB regarding Shaw's petition for a secret ballot election. On May 27, 2004, Professor Sander refused Shaw's request.

**Count I**
**(Section 301 of the LMRA)**

26. Shaw's realleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 herein.

27. Local 791 seeks to force Shaw's to arbitrate pure representation issues in the arbitral forum even though the CBA's procedures are expressly limited to contractual issues. In order for the arbitrator to decide the central issue of Local 791's majority status, the arbitrator would be required to interpret and apply the policies and regulations of the National Labor

Relations Act concerning the appropriate bargaining unit, statutory supervisors, Local 791's violation of employees' Section 7 rights, the issue of representative complement of employees, and other core representation issues.

28. Local 791's conduct, in seeking to force arbitration of representation issues when the parties' CBA is limited to matters of contract violates 29 U.S.C. § 185.

### Count II
### (Declaratory Judgment)

29. Shaw's realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 herein.

30. Pursuant to 29 U.S.C. § 185, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure, Shaw's seeks a declaratory judgment concerning the arbitrability of Local 791's majority status, or, in the alternative, concerning whether the arbitration proceedings should be stayed pending the National Labor Relations Board's decision on Shaw's Petition.

31. There is an actual controversy between Shaw's and Local 791 about whether the Union can force Shaw's to arbitrate the issue of Local 791's claim of majority status at the Mansfield store, and the related representation issues.

32. This Court may enter a declaratory judgment because the dispute between Shaw's and Local 791 is definite and concrete, affecting the parties' legal interest with sufficient immediacy as to justify relief, and is ripe for adjudication.

33. There is a substantial likelihood that the dispute will continually affect the parties' legal interest. Indeed, if Shaw's is forced to proceed with the arbitration and ultimately forced to recognize Local 791 at the Mansfield store, the legal rights of parties and the employees at the Mansfield store will be dramatically impacted.

34. The rights of the parties and uncertainties of this actual controversy may be resolved by entry of a declaratory judgment.

## Count III
## (Injunction)

35. Shaw's realleges and incorporates by reference the allegations contained in Paragraphs 1 through 34 herein.

36. Injunctive relieve is proper under 29 U.S.C. § 185.

37. Injunctive relief is necessary to protect Shaw's rights to pursue its legal remedies with the National Labor Relations Board, to prevent potentially conflicting results in two forums, and to avoid an enormous waste of a potentially moot proceeding.

38. Injunctive relief is also necessary to protect the employees at the Mansfield store who would be forced to be subject to the existing collective bargaining agreement and forced to pay dues and/or fees to Local 791 without having the opportunity to participate in an election pursuant to the National Labor Relations Act.

39. Injunctive relief is in the public interest.

40. Without injunctive relief, Shaw's will suffer substantial and irreparable harm if the Union is permitted to force Shaw's to participate in an arbitration of Local 791's majority status at the Mansfield store.

41. Injunctive relief will preserve the status quo pending the NLRB's rendering of a decision on the Petition.

42. Local 791 will suffer no harm if injunctive relief is granted.

**WHEREFORE**, Shaw's respectfully requests that this Court:

1. Determine the rights and duties of Shaw's and Local 791 under the parties' CBA, as they relate to the grievances regarding the Mansfield store;

JS 44 (Rev. 3/99)                                    **CIVIL COVER SHEET**                       04 11219

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Shaw's Supermarkets, Inc. | United Food and Commercial Workers Union, Local 791, AFL-CIO |
| (b) County of Residence of First Listed Plaintiff __Plymouth__ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed __Bristol__ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Philip J. Moss, Esq. - (207) 775-6001 Moon, Moss, McGill & Shapiro, P.A. P.O. Box 7250, Portland, ME 04112-7250 | Attorneys (If Known) Warren H. Pyle, Esq. - (617) 367-7200 Pyle, Rome, Lichten & Ehrenberg, P.C. 18 Tremont St., Ste. 500, Boston, MA 02108 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Labor Management Relations Act, 29 U.S.C. 185(a)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE    DOCKET NUMBER

DATE: June 3, 2004    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Shaw's Supermarkets, Inc.__ FILED
   __United Food and Commercial Workers Union, Local 791__ CLERK'S OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   2004 JUN -4 P 2: 09

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       U.S. DISTRICT COURT
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         *Also complete AO 120 or AO 121
                                                                                for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.                         04 1121  DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                  YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                  YES ☐     NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                  YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                  YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                  YES ☒     NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                  YES ☐     NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Philip J. Moss, Esq.__
ADDRESS __Moon, Moss, McGill & Shapiro, P.A., P.O. Box 7250, Portland, ME 04112-7250__
TELEPHONE NO. __(207) 775-6001__

(Coversheetlocal.wpd - 10/17/02)



**MOSS**

Workplace Guidance
and Solutions

Moon, Moss, McGill & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

pjmoss@moonmoss.com

FILED
IN CLERKS OFFICE

2004 JUN -4

U.S. DISTRICT COURT
DISTRICT OF MASS.

June 3, 2004

BY FEDEX

Tony Anastas, Clerk of Court
U.S. District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA  02210

04 CV 1121

Re:  Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, AFL-CIO

Dear Mr. Anastas:

Enclosed please find the following documents for filing with the Court in the above-captioned matter:

1. Civil Cover Sheet;
2. Summary Sheet;
3. Complaint of Shaw's Supermarkets, Inc.
4. Shaw's Supermarkets, Inc.'s Corporate Disclosure Statement; and
5. Check in the amount of $150.00 for the Complaint filing fee.

Thank you for your assistance.

Sincerely yours,

Philip J. Moss

PJM/lm
cc:  Warren H. Pyle, Esq.
     Eric Nadworny