UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAW'S SUPERMARKETS, INC., ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED FOOD AND COMMERCIAL ) <br> WORKERS UNION, LOCAL 791, ) <br> AFL-CIO, ) <br> Defendant. ) <br> ) | 04-CV-11219 DPW |

FILED
IN CLERK'S OFFICE

2004 JUN 23 P 4: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

### ANSWER OF LOCAL 791, UNITED FOOD AND
### COMMERCIAL WORKERS UNION, AFL-CIO-CLC

Local 791, United Food and Commercial Workers Union, AFL-CIO-CLC (herein Local 791) answers the Complaint of Shaw's Supermarkets, Inc. (herein Shaw's) as follows:

#### Introduction

The Introduction to the Complaint is a summary of the case and legal analysis requiring neither admittance nor denial. If, however, the Introduction is deemed to include factual allegations requiring a response, Local 791 denies the allegations stated therein.

#### The Parties

1.   Admitted.

2.   Admitted

3.   Admitted.

4.   Admitted.

5.   Admitted.

1

6. Admitted as to Counts I and II. Denied as to Count III.

7. Admitted.

### Factual Background

8. Admitted

9. Admitted.

10. Local 791 denies the allegations in paragraph 10 inasmuch as they seek to characterize the meaning of the contract provision and admits only that the language quoted in paragraph 10 appears in the contract.

11. Admitted.

12. Local 791 admits the allegations in the first sentence of paragraph 12 and denies the allegations in the second sentence of paragraph 12.

13. Local 791 admits that after Shaw's had completed the hiring process for opening the store for business, Local 791 demonstrated its majority status to Shaw's, demanded recognition, and asked Shaw's to apply the existing CBA to the store's employees. Except as admitted, Local 791 denies the allegations of paragraph 13.

14. Local 791 denies the allegations in paragraph 14 except that Local 791 admits that Shaw's refused to recognize Local 791 as the collective bargaining representative for the subject employees.

15. Admitted.

16. Local 791 denies the allegations in the first sentence of paragraph 16 except as to the fact that Local 791 submitted two grievances regarding the Mansfield store. Local 791 admits the allegations in the second sentence of paragraph 16.

17. Local 791 denies the allegations in paragraph 17 except that it admits that it submitted a notice of intent to submit the grievances to arbitration on October 23, 2003.

18. Local 791 denies the allegations in paragraph 18 inasmuch as they seek to characterize the meaning of the contract provision and admits only that the language quoted in paragraph 18 appears in the contract without the emphasis supplied by Shaw's.

19. Local 791 denies the allegations in paragraph 19 except that it admits that Shaw's filed a Petition with the Regional Director of Region 1 of the National Labor Relations Board.

20. Paragraph 20 calls for a legal conclusion and requires no response. To the extent that a response is required, Local 791 denies the allegations in this paragraph.

21. Local 791 denies the allegations in the first sentence of paragraph 21. Local 791 is without sufficient information to admit or deny the allegations in the second sentence of paragraph 21.

22. Admitted.

23. Admitted.

24. Denied.

25. Local 791 denies the allegations in paragraph 25 except that Local 791 admits that Shaw's requested that the arbitrator stay the proceedings and that Shaw's request was denied.

### Count I
### (Section 201 of the LMRA)

26. Local 791 draws the Court's attention to paragraphs 1-25 of this Answer.

27. Denied.

28. Denied.

## Count II
## (Declaratory Judgment)

29.  Local 791 draws the Court's attention to paragraphs 1-28 of this Answer.

30.  No answer is required.

31.  No answer is required.

32.  Denied.

33.  Denied.

34.  Denied.

## Count III
## (Injunction)

35.  Local 791 draws the Court's attention to paragraphs 1-34 of this Answer.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

## Affirmative Defenses

1.  The Complaint fails to state a claim against Local 791 upon which relief can be granted.

4

2. The Court's jurisdiction is preempted by proceedings before the National Labor Relations Board and by the doctrine of primary jurisdiction.

3. Injunctive relief is prohibited by the terms of the Norris-LaGuardia Act, 29 U.S.C. §§ 101, et seq. Shaw's has failed to comply with the obligations imposed by law in connection with this dispute and has otherwise failed to satisfy the requirements of that statute.

Respectfully submitted,

LOCAL 791, UNITED FOOD AND
COMMERCIAL WORKERS
UNION,

By its attorneys,

_____
Warren H. Pyle, BBO #408400
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date: June 23, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David A. Strock, Esq., Moon, Moss, McGill & Shapiro, P.A., Ten Free Street, P.O. Box 7250, Portland, ME 04112-7250, by facsimile and first class mail, on June 23, 2004.

_____
Warren H. Pyle